UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KERI CHA, on behalf of her child, B.B., a minor,** | CASE NO. 2:25-CV-2607 |
| *Plaintiffs,* | |
| v. | **JURY TRIAL DEMANDED** |
| **OSKALOOSA PUBLIC SCHOOLS USD 341, by and through its Board of Education; DAN WESSEL; PAT FOSTER; TAMMY GIVENS; and SARAH ANDERHART;** | |
| *Defendants.* | |

## COMPLAINT

### INTRODUCTION

This is an action arising from the sexual exploitation of a minor and failure to take action and protect by faculty and staff at Oskaloosa Elementary School of Oskaloosa, Kansas. Plaintiff is seeking damages for Defendant's Title IX violation, violation of due process and protected rights under the Fourteenth Amendment.

### PARTIES

1. B.B. is a resident of the State of Kansas and at all times material to this litigation has been, and is presently, a minor child.

2. The Complaint is filed by and through his mother, Keri Cha ("Plaintiff"), on behalf of her minor son B.B.

3. Defendant Oskaloosa Public Schools USD 341 ("OPS") is a public school district receiving federal funds in Jefferson County, Kansas.

4. Oskaloosa Elementary School ("Oskaloosa") is a public elementary school within the OPS district.

5. Defendant Dan Wessel ("Wessel") is employed as the superintendent of Oskaloosa Public Schools USD 341 at all times relevant to this litigation.

6. Defendant Pat Foster ("Foster") is employed as the principal at Oskaloosa Elementary School by Oskaloosa Public Schools USD 341 at all times relevant to this litigation.

7. Defendant Tammy Givens ("Givens") is employed as the special education teacher at Oskaloosa Elementary School by Oskaloosa Public Schools USD 341 at all times relevant to this litigation.

8. Defendant Sarah Anderhart ("Anderhart") is employed as the teacher at Oskaloosa Elementary School by Oskaloosa Public Schools USD 341 at all times relevant to this litigation.

## JURISDICTION & VENUE

9. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

10. Defendant OPS conducts business within the State of Kansas.

11. All Individual Defendants employed by OPS, because they were employees of OPS, are relevant herein and personally violated certain rights and policies, the effects of which were felt in the State of Kansas.

12. Venue in this action is properly in the District of Kansas because the events relevant to this action occurred primarily within the geographical confines of the District of Kansas.

**FACTUAL ALLEGATIONS**

13. At all times relevant to this litigation, B.B. was a student at Oskaloosa.

14. B.B. was in the fourth grade during the 2023-2024 school year.

15. Defendant Anderhart was B.B.'s classroom teacher for the fourth grade.

16. B.B. was being threatened by another student, W.C.

17. B.B. came home and asked Plaintiff what "rape" was.

18. B.B. and W.C. were in the same classroom together as well as traveling together and attending special needs classes together throughout the week.

19. W.C. threatened to harm B.B., including but not limited to threats to rape B.B.

20. W.C. had told B.B. that he should kill himself.

21. B.B. reported this to Defendant Foster's office three separate times. B.B. reported that W.C. threatened to rape B.B. and that W.C. told B.B. that W.C. told B.B. to kill himself.

22. B.B. reported the threats to Defendant Anderhart who provided to B.B. that she didn't hear or see W.C. do anything.

23. Plaintiff spoke with Defendant Anderhart by phone where Plaintiff provided further information that W.C. was threatening B.B. in the boys bathroom.

24. Defendant Anderhart provided that she would keep B.B. and W.C. from being in the bathroom together.

25. Defendant Anderhart failed to report the threats of sexual assault and demands to commit suicide to the administration requiring Plaintiff and B.B. to do so themselves.

26. B.B. reported the threats made by W.C. to Defendant Givens who stated to B.B. "[B.B.] don't be a tattle tale".

27. Defendant Givens failed to report the threats of sexual assault and demand to commit suicide to the administration.

28. B.B. reported to Defendant Foster's office three separate times. B.B. reported that W.C. threatened to rape B.B. and that W.C. told B.B. that he wanted him to kill himself.

29. In the spring of 2024, Plaintiff held a public meeting in Oskaloosa to address the hostile environment of Oskaloosa Elementary school.

30. The location was packed resulting in standing room only. Defendant Wessel was in attendance.

31. The next week, Plaintiff was asked to join the schools site committee to revamp the bullying portion of the district Handbook.

32. Fall 2025, B.B. again reported to Defendant Foster regarding W.C.'s threats.

33. Defendant Foster provided that he would speak with W.C. and his parents.

34. W.B. asked Ms. Anderhart to go to the bathroom and advised B.B. to go to the bathroom as well.

35. Both boys proceeded to the boys bathroom.

36. W.C. advised B.B. to pull down his pants.

37. W.C. turned B.B. around and shoved his penis into B.B.'s anus.

38. W.C. laughed, then returned to class like nothing had occurred.

39. B.B. did not immediately report the rape as he believed that no one would help him as he had reported threats of rape repeatedly with no intervention by the school.

40. Upon information and belief, W.C. violated another boy in the boys bathroom.

41. Ms. Cope, B.B.'s 5th grade special education teacher provided that B.B. would be kept away from W.C. when receiving IEP services.

42. Instead, B.B. was taken to a classroom at back of school where W.C. still had access to him to work with a paraprofessional on his IEP goals.

43. OPS failed to immediately initiate a Title IX investigation.

44. The sexual assaults occurred for months without intervention.

45. Instead of conducting the statutorily required investigation, OPS created an anti-bullying board and asked Plaintiff to serve on it.

46. Upon information and belief, Defendants had actual knowledge of prior threats and/or sexual assaults by W.C. against students at Oskaloosa and failed to protect B.B. and others from W.C. resulting in harm to B.B.

47. In October 2024, B.B. was picked up from school by his grandmother, at which time B.B. stated that maybe he needed to do what W.C. had said to do [kill himself].

48. In October 2024, Plaintiff removed B.B. from OPS and began homeschooling.

49. B.B. suffered and continues to suffer severe emotional damage and distress.

50. In April 2025, B.B. confided in his therapist the full extent of sexual assaults.

51. Plaintiff again reported to the district.

52. Since the occurrence of sexual abuse, B.B.'s academics have suffered.

53. Since the occurrence of the sexual abuse, B.B. has suffered increased seizures and anxiety.

54. Since the occurrence of the sexual abuse, B.B. has attended therapy to contend with the abuse.

55. In June 2025, B.B. was hospitalized after attempting to take his life.

**Respondeat Superior and Agency**

56. Under Federal and Kansas law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of the employer.

57. At all times relevant to this action, all named individuals were employed by OPS. Some of their acts and omissions relevant to this litigation were undertaken within the scope of their employment with OPS.

58. At the time of this Complaint, only the named individuals themselves are aware of the exact role that each named individuals played in the events that are subject of the lawsuit. For this reason, only the named individuals know at which times each individual acted in a manner that exceeded the scope of their duties in their official capacities and at which each individual acted in a manner that was within the scope of their duties in their official capacities.

**CAUSES OF ACTION**

**FIRST COUNT – VIOLATION OF TITLE IX OF THE EDUCATION ACT AMENDMENTS OF 1972**
**(Against OPS only)**

59. Title IX of the Education Act Amendments of 1972 (20 U.S.C. § 1681) prohibits discrimination based on sex in educational institutions receiving federal funding. At all times relevant to this action, Oskaloosa was a public school receiving federal financial funding.

60. At all times relevant to this action, Oskaloosa was a public school receiving federal funding.

61. 34 CFR§106.44 provides that such institutions must respond affirmatively to when a school official with the ability to take corrective measures receives actual knowledge that a student may have been discriminated against on the basis of sex.

62. Defendant Oskaloosa failed to do a Title IX investigation as is required by federal law.

63. The sexual harassment that B.B. endured at the hands of the offending student deeply traumatized B.B.

64. The trauma that B.B. experienced was further compounded by the fact that B.B. was required to see his assailant on the Oskaloosa campus day in and day out, before and after having reported the harassment.

65. The sexual harassment that B.B. endured had such a negative effect on B.B.'s mental state that it effectively deprived B.B. of the educational benefits provided by Oskaloosa.

66. The trauma that B.B. experienced rendered him unable to enjoy the full benefits of his education.

67. Defendant Oskaloosa had actual knowledge of the ongoing sexual harassment of B.B.

68. Multiple Oskaloosa staff had actual knowledge of the ongoing sexual harassment of B.B.

69. Defendant Oskaloosa was required under federal laws to initiate a Title IX investigation.

70. Oskaloosa acted with deliberate indifference regarding the sexual harassment in the following ways:

   a.  Failing to complete an investigation being notified of W.C. harassing students;

b. Failing to immediately contact the police following the notification of the threats of sexual assault;

c. Failing to separate the assailant and the victim;

d. Failure to investigate and curtail prior threats of sexual assaults of W.C. against students at Oskaloosa resulting in W.C. having unhindered access to other victims, including B.B.

71. The actions of Defendant Oskaloosa in permitting and failing to timely curtail, prevent, or investigate the sexual harassment against B.B. and by allowing a hostile school environment constitutes a violation of Title IX.

72. Defendant Oskaloosa had, and has, the ability to exercise substantial control over both the assailant and the environment in which the sexual harassment and assault occurred.

73. The offending student's sexual harassment and assault were severe, pervasive, and objectively offensive.

74. Defendant OPS willfully avoided their obligations under Title IX.

75. Defendant OPS was legally required under Title IX to conduct a full and thorough investigation into the sexual harassment suffered by B.B.

76. As a result, B.B. was barred access to an equal opportunity to his education.

77. The emotional and physical harm that B.B. has suffered, and will continue to suffer, was caused directly and proximately by Defendants unlawful conduct.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

a) Enter judgment against Defendant and in favor of Plaintiff for compensatory damages in amounts to be determined at trial and as are allowed under the statute;

b) Enter judgment against Defendant and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action;

c) Enter judgment against Defendant and in favor of Plaintiff for all attorneys' fees sustained in connection with the prosecution of this action; and

d) Grant such other and further relief as justice requires.

**SECOND COUNT – VIOLATION OF DUE PROCESS**
**UNDER 42 U.S.C. §1983**
**(Against OPS only)**

78. 42 U.S.C. §1983 prohibits the deprivation of constitutional rights or rights secured by the laws of the United States by persons acting under the color of state law.

79. The Fourteenth Amendment of the U.S. Constitution provides in pertinent part, that "no person shall be deprived of life, liberty, or property without the due process of law," which includes "state-occasioned damage to a person's bodily integrity."

80. Public school officials who fail to take adequate precautions may amount to "deliberate indifference to the constitutional rights of students." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

81. As such, Defendants violated B.B.'s right to bodily integrity by failing to take adequate precautions which amounted to deliberate indifference to his constitutional rights as a student.

82. Defendant was acting under the color of law.

83. Defendant as an employer of people working with children on a daily basis were aware that B.B. was entitled to a liberty interest in bodily integrity.

84. Plaintiff suffered bodily harm, including sexual assault and mental anguish.

85. As a direct and proximate result of Defendants actions, B.B. suffered bodily harm.

9

86. Defendant OPS as a public school district is vicariously responsible for actions of employees acting within the scope of their employment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

a) Enter judgment against Defendant and in favor of Plaintiff for compensatory damages in amounts to be determined at trial and as are allowed under the statute;

b) Enter judgment against Defendant and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action;

c) Enter judgment against Defendant and in favor of Plaintiff for all attorneys' fees sustained in connection with the prosecution of this action; and

d) Grant such other and further relief as justice requires.

### THIRD COUNT – VIOLATION OF DUE PROCESS UNDER 42 U.S.C. §1983
### (Against Defendants Wessel, Foster, Givens and Anderhart)

87. 42 U.S.C. §1983 prohibits the deprivation of constitutional rights or rights secured by the laws of the United States by persons acting under the color of state law.

88. The Fourteenth Amendment of the U.S. Constitution provides in pertinent part, that "no person shall be deprived of life, liberty, or property without the due process of law," which includes "state-occasioned damage to a person's bodily integrity."

89. Public school officials who fail to take adequate precautions may amount to "deliberate indifference to the constitutional rights of students." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

90. As such, Defendants violated B.B.'s right to bodily integrity by failing to take adequate precautions which amounted to deliberate indifference to his constitutional rights as a student.

91. Defendants were acting under the color of law.

92. Defendants as people working with children on a daily basis were aware that B.B. was entitled to a liberty interest in bodily integrity.

93. Plaintiff suffered bodily harm, including sexual assault and mental anguish.

94. As a direct and proximate result of Defendants' actions, B.B. suffered bodily harm.

95. Defendant OPS as a public school district is vicariously responsible for actions of employees acting within the scope of their employment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

a) Enter judgment against Defendants and in favor of Plaintiff for actual damages for compensatory damages in amounts to be determined at trial and as are allowed under the statute;

b) Enter judgment against Defendants and in favor of Plaintiff for punitive damages in amounts to be determined at trial and as are allowed under the statute;

c) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action;

d) Enter judgment against Defendants and in favor of Plaintiff for all attorneys' fees sustained in connection with the prosecution of this action; and

e) Grant such other and further relief as justice requires.

## FOURTH COUNT – STATE CREATED DANGER

### UNDER 42 U.S.C. §1983
### (Against OPS only)

96. 42 U.S.C. §1983 prohibits the deprivation of constitutional rights or rights secured by the laws of the United States by persons acting under the color of state law.

97. The Defendant knew or should have known that W.C. was a threat to other students constitutionally held rights as a result of his prior actions which Defendants failed to step in and stop.

98. Instead, Defendant gave W.C. unfiltered access to other student victims, including B.B.

99. Defendant placed B.B. at a high risk of danger by continuing to allow W.C. direct access to B.B. while at school.

100. Defendant knew or should have known of the risk as they had knowledge of W.C. actions prior to Plaintiff learning of the sexual assault and reporting to the OPS administration.

101. As a direct and proximate result of Defendants actions, B.B. suffered bodily harm.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

a) Enter judgment against Defendant and in favor of Plaintiff for compensatory damages in amounts to be determined at trial and as are allowed under the statute;

b) Enter judgment against Defendant and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action;

c) Enter judgment against Defendant and in favor of Plaintiff for all attorneys' fees sustained in connection with the prosecution of this action; and

d) Grant such other and further relief as justice requires.

## FIFTH COUNT – STATE CREATED DANGER

### UNDER 42 U.S.C. §1983
### (Against Individual Defendants only)

102. 42 U.S.C. §1983 prohibits the deprivation of constitutional rights or rights secured by the laws of the United States by persons acting under the color of state law.

103. The Defendants knew or should have known that W.C. was a threat to other students constitutionally held rights as a result of his prior actions which Defendants failed to step in and stop.

104. Instead, Defendants gave W.C. unfiltered access to other student victims, including B.B.

105. Defendants placed B.B. at a high risk of danger by continuing to allow W.C. direct access to B.B. while at school.

106. Defendants knew or should have known of the risk as they had knowledge of W.C. actions prior to Plaintiff learning of the sexual assault and reporting to the OPS administration.

107. As a direct and proximate result of Defendants' actions, B.B. suffered bodily harm.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

a) Enter judgment against Defendants and in favor of Plaintiff for actual damages for compensatory damages in amounts to be determined at trial and as are allowed under the statute;

b) Enter judgment against Defendants and in favor of Plaintiff for punitive damages in amounts to be determined at trial and as are allowed under the statute;

c) Enter judgment against Defendants and in favor of Plaintiff for all costs sustained in connection with the prosecution of this action;

d) Enter judgment against Defendants and in favor of Plaintiff for all attorneys' fees sustained in connection with the prosecution of this action; and

    e)  Grant such other and further relief as justice requires.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 21, 2025

                                                Respectfully submitted,

                                                **PREUSS | FOSTER**

                                                */s/ Thomas J. Preuss*
                                                Thomas J. Preuss, KS 21431
                                                Shawn Foster, KS 19090
                                                11141 Overbrook Rd. Suite 104
                                                Leawood, KS 66211
                                                Ph.: 816-307-2788
                                                Fax:816-336-9705
                                                Email: tjpreuss@pflaw.com
                                                                  sfoster@pflaw.com


                                                */s/ Keith Altman*
                                                Keith Altman, Esq.
                                                THE LAW OFFICE OF KEITH ALTMAN
                                                30474 Fox Club Drive
                                                Farmington Hills, Michigan 48331
                                                Telephone: (248) 987-8929
                                                keithaltman@kaltmanlaw.com
                                                *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of October, 2025, the above and foregoing document was transmitted via the court's electronic filing system, notifying all parties of record.

<u>*/s/ Thomas J. Preuss*</u>