**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KERI CHA, on behalf of her child, B.B., a minor,<br><br>*Plaintiff*,<br><br>v.<br><br>OSKALOOSA PUBLIC SCHOOLS USD 341, by and through its Board of Education; DAN WESSEL; PAT FOSTER; TAMMY GIVENS; and SARAH ANDERHART,<br><br>*Defendants*. | Case No. 25-2607-AJP-RES |

**MEMORANDUM AND ORDER**

Plaintiff Keri Cha, on behalf of her child, B.B., filed suit against Defendants Oskaloosa Public Schools USD 341 ("USD 341"), Dan Wessel, Pat Foster, Tammy Givens, and Sarah Anderhart asserting violations under Title IX and 42 U.S.C. § 1983. Before the Court is Defendant Dan Wessel's Motion to Dismiss and Defendants USD 341, Pat Foster, and Sarah Anderhart's Motion to Partially Dismiss (Doc. 22). For the reasons stated below, the Court grants the motion.

## I. Factual and Procedural Background[1]

Plaintiff is the mother of minor child B.B. and sent her son to Oskaloosa Elementary School for fourth grade during the 2023-2024 school year. Defendant Sarah Anderhart was B.B.'s classroom teacher for the fourth grade. Another student within the same classroom, W.C., began threatening B.B. with threats including, but not limited to, rape and telling B.B. that he should kill himself. B.B. and W.C., in addition to being in the same classroom together, traveled together and attended special needs classes together throughout the week. B.B. reported the threats and comments to Defendant Pat Foster, the principal of Oskaloosa Elementary School, three separate times. B.B. also reported the threats to Anderhart who told B.B. that she "didn't hear or see W.C. do anything." (Doc. 1 at 3). Plaintiff spoke with Anderhart by phone where Plaintiff provided further information that W.C. was threatening B.B. in the boy's bathroom, to which Anderhart responded that she would keep B.B. and W.C. from being in the bathroom together. Anderhart failed to report the threats of sexual assault and demands to commit suicide to the administration, so Plaintiff and B.B. did so themselves.

B.B. reported the threats made by W.C. to Defendant Tiffany Givens, B.B. and W.C.'s special education teacher, to which Givens responded "[B.B.] don't be a tattle tale." (Doc. 1 at 3). Givens failed to report the threats of sexual assault and suicide demands to the administration. In spring of 2024, Plaintiff held a public

---

[1] The facts in this section are taken from Plaintiff's Complaint unless otherwise cited.

meeting in Oskaloosa to address the hostile environment of Oskaloosa Elementary School. Defendant Dan Wessel, the superintendent of Oskaloosa Public Schools USD 341, attended the meeting. A week later, Plaintiff was asked to join the school's site committee to revamp the bullying portion of the district handbook.

In Fall 2024, B.B. again reported W.C.'s threats to Foster, and Foster stated that he would speak with W.C. and his parents.[2] W.C. asked Anderhart permission to go to the bathroom, and Anderhart advised B.B. to go to the bathroom as well. While both boys were in the bathroom, W.C. told B.B. to pull down his pants and W.C. then turned B.B. around and "shoved his penis into B.B.'s anus." (Doc. 1 at 4). W.C. laughed and returned to class like nothing had occurred. B.B. did not immediately report the incident because he believed that no one would help him due to the repeated nonintervention of the school despite his many reported threats of rape.

Ms. Cope, B.B.'s fifth grade special education teacher and not a party to this suit, stated that B.B. would be kept away from W.C. when receiving IEP services. B.B. was instead taken to a classroom at the back of the school where W.C. still had access to him to work with a paraprofessional on B.B.'s IEP goals. Defendant USD 341 failed to initiate a Title IX investigation, and B.B. was sexually assaulted for months by W.C. without intervention. USD 341, instead of investigating, created an anti-bullying board and asked Plaintiff to serve on it. Plaintiff alleges that

---

[2] The Complaint states "Fall 2025," but, because the allegations in this case generally relate to the 2023-2024 school year and fall of the 2024-2025 school year, the Court assumes this allegation includes a typographical error. (Doc. 1 at 4).

Defendants had actual knowledge of prior threats or sexual assaults by W.C. against students at Oskaloosa and failed to protect B.B. and others from W.C.

In October 2024, B.B. was picked up from school by his grandmother and stated that "maybe he needed to do what W.C. had said to do [kill himself]." (Doc. 1 at 5). Plaintiff removed B.B. from school that month and began homeschooling him. In April 2025, B.B. confided in his therapist the full extent of sexual assaults. Plaintiff again reported to USD 341. In June 2025, B.B. was hospitalized after attempting to take his own life.

On October 21, 2025, Plaintiff filed her Complaint in this Court asserting five claims: (1) violation of Title IX against USD 341; (2) violation of due process under 42 U.S.C. § 1983 against USD 341; (3) violation of due process under 42 U.S.C. § 1983 against Wessel, Foster, Givens and Anderhart; (4) state created danger under 42 U.S.C. § 1983 against USD 341; and (5) state created danger under 42 U.S.C. § 1983 against Wessel, Foster, Givens, and Anderhart. Givens answered the Complaint on December 22, 2025.[3] On January 16, 2026, Defendants Wessel, Anderhart, Foster, and USD 341 filed the instant motion.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted. Upon such motion, the court must determine whether a complaint contains sufficient factual allegations to 'state a claim to relief that is

[3] Givens filed an Amended Answer on February 25, 2026.

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but it need not afford such a presumption to legal conclusions. *Id.* at 678–79. Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities. *See id.* at 678.

## III. Analysis

Plaintiff brings Title IX and § 1983 claims. Four Defendants have filed a Motion to Dismiss. Defendant USD 341 seeks dismissal of count two and count four on the basis that Plaintiff's allegations fail to satisfy the *Monell* doctrine. Defendant USD 341 also seeks dismissal of count four based upon Plaintiff's failure to allege a legally sufficient independent cause of action. Defendants Wessel, Foster, and Anderhart seek dismissal of count five for failure to allege a legally sufficient independent cause of action. Defendant Wessel seeks dismissal of all claims against him (counts three and five) based on qualified immunity. The Court will address each in turn.

### A. Plaintiff's § 1983 claims against USD 341 do not satisfy the *Monell* doctrine.

Defendant USD 341 seeks dismissal of Counts two and four. Count two alleges a violation of due process under § 1983 for violation of B.B.'s Fourteenth Amendment Due Process rights. Count four alleges a § 1983 claim for a "State

Created Danger." (Doc. 1 at 12). Defendant USD 341 seeks dismissal of both claims for failure to sufficiently allege the elements of municipal liability. Specifically, Defendant argues that Plaintiff fails to allege a policy or custom of USD 341 that resulted in the alleged violations of B.B.'s constitutional rights.

Section 1983 states, in relevant part: "Every person who, under color of [law] subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . . " 42 U.S.C. § 1983. "[A] municipality, including a public school district, may be sued as a 'person' under § 1983." *Smith v. USD 480 Liberal*, 682 F. Supp. 3d 980, 990 (D. Kan. 2023) (citing *Stoddard v. Sch. Dist. No. 1, Lincoln Cnty., Wyo.*, 590 F.2d 829, 834–35 (10th Cir. 1979); *and Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). When a § 1983 claim is asserted against a municipality, the Court should consider two different issues: ""(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

Municipalities, and hence a public school district, cannot be liable under a § 1983 claim through a respondeat superior theory. *Monell*, 436 U.S. at 691. To adequately allege that a public school district is liable under § 1983, a plaintiff must allege: "(1) the existence of a 'municipal policy or custom,' (2) 'a direct causal link between the policy or custom and the injury alleged[,]' and (3) 'that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences.'" *Bond v. Sheriff of Ottawa Cnty.*, 173 F.4th 1265, 1291 (10th Cir.

2026) (quotation marks and citations omitted), *cert. denied sub nom. Dean v. Bond*, No. 26-217, 2026 WL 3116583 (U.S. Oct. 19, 2026); *see also Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013) (summarizing the three elements as the following: "(1) official policy or custom, (2) causation, and (3) state of mind"). A failure to adequately train or supervise employees, assuming that failure results from deliberate indifference to the injuries that may be caused, can establish a municipal policy or custom for the first element. *Waller v. City and Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (quoting *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010)).

Here, Plaintiff's Complaint fails to allege or even mention an official policy, custom, or failure to adequately train or supervise employees that led to the alleged violation of B.B.'s rights by USD 341. Plaintiff instead alleges that USD 341 is vicariously liable under § 1983 for the actions of its employees and for failure to take adequate precautions. (Doc. 1 at 9–10). The Supreme Court held in *Monell* that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. Plaintiff's allegations of vicarious liability run counter to *Monell*, and even Plaintiff appears to abandon such a theory of liability in her response. (Doc. 28 at 8–12).

In her response, Plaintiff instead argues that her Complaint alleges facts that USD 341 lacked adequate policies, knowingly failed to implement those policies, or failed to adequately train its staff on how to address and prevent student-on-student sexual harassment. Plaintiff, however, never alleges or

discusses USD 341's policies or customs in her Complaint. In addition, Plaintiff never mentions or alleges USD 341's training of its staff, or lack thereof, in her Complaint. Although Plaintiff alleges USD 341's employees' failures, the purpose of the "official policy or custom" requirement is "to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original). Here, Plaintiff makes no allegations of an unconstitutional policy or custom, or failure to train or supervise, in her Complaint. Ultimately, Plaintiff's failure to allege any official policy, custom, or lack thereof proves fatal to her claims of § 1983 liability against USD 341 because she fails to allege the first element of such a claim. Therefore, counts two and four of Plaintiff's Complaint are dismissed.

**B. Plaintiff's "State Created Danger" claims are not cognizable independent claims.**

Defendants USD 341, Anderhart, Foster, and Wessel seek dismissal of counts four and five respectively. Count four alleges that USD 341 violated 42 U.S.C. § 1983 by a state-created danger, and count five alleges that individual Defendants Anderhart, Foster, Wessel, and Givens violated 42 U.S.C. § 1983 by a state-created danger.[4] Defendants USD 341, Anderhart, Foster, and Wessel seek dismissal of

[4] The Court already determined that Count four against USD 341 fails but will address Defendants' alternative argument because the claim fails on this basis as well.

these counts arguing that "state created danger" is not an independent cause of action but rather a theory of liability already available in Plaintiff's earlier counts.[5]

"As a general matter, . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1125 (10th Cir. 2008) (quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989)). "Although '[the Due Process Clause] forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' . . . its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means.'" *Id.* at 1125–26 (quoting *Deshaney*, 489 U.S. at 195). The Tenth Circuit recognizes two exceptions to this general rule—the special-relationship doctrine and the danger creation theory.[6] *Id.* at 1126. The state created danger theory can be applied to the facts to determine if an individual's Fourteenth Amendment rights have been violated, but "the danger creation theory must ultimately rest on the specifics of a substantive due process claim . . . ." *Uhlrig v. Harder*, 64 F.3d 567, 572 (10th Cir. 1995).

In Plaintiff's Complaint, she brings § 1983 claims against USD 341, Anderhart, Foster, Wessel, and Givens for violation of B.B.'s Fourteenth

---

[5] Defendant Givens is not a party to this Motion to Dismiss and is represented by separate counsel.

[6] The Tenth Circuit has expressly held that the special-relationship doctrine does not apply in the context of compulsory school-attendance laws because they "do not spawn an affirmative duty to protect under the Fourteenth Amendment" even when an assault is foreseeable. *Graham v. Indep. Sch. Dist. No. I-89*, 22 F.3d 991, 994–95 (10th Cir. 1994). Because the allegations in the Complaint stem from an assault by one student upon a victim student, the special relationship doctrine is inapplicable to the instant case.

Amendment Due Process Rights in counts two and three. Plaintiff then brings her "State Created Danger" § 1983 claims against the same defendants in counts four and five. Defendants USD 341, Anderhart, Foster, and Wessel seek dismissal of counts four and five for failure to independently state a claim as they are duplicative of counts two and three. Plaintiff does not argue that counts four and five are distinguishable from counts two and three, but instead, she argues that Plaintiff sufficiently alleges § 1983 violations under the Fourteenth Amendment under a state-created danger theory.

Thus, it appears that both Plaintiff and the moving Defendants agree that state-created danger is a valid method of establishing a violation of the Fourteenth Amendment in a § 1983 case. Plaintiff, however, already pled § 1983 due process claims against all Defendants in counts two and three for the exact same conduct. Therefore, because "state-created danger" is not an independent claim, but rather a theory of liability, and Plaintiff already brings the claims to which such a theory of liability applies in counts two and three, counts four and five do not state a cognizable independent cause of action. Thus, they are dismissed as to Defendants USD 341, Anderhart, Foster, and Wessel.

**C. Wessel is entitled to qualified immunity.**

Defendant Wessel seeks dismissal of counts three and five on the basis of qualified immunity. Count three alleges a violation of B.B.'s Fourteenth Amendment Due Process rights under § 1983 by Wessel, and count five alleges that

Wessel violated 42 U.S.C. § 1983 by a state-created danger.[7] Plaintiff argues in her response that Wessel is not entitled to qualified immunity because Wessel's knowing failure to take action in the face of W.C.'s threats violated B.B.'s clearly established constitutional rights.

Qualified immunity is an affirmative defense that "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity, however, is not merely a defense to liability, it is an immunity from suit that is effectively lost if a case is erroneously permitted to go to trial. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). When the defendant asserts a qualified immunity defense in a Rule 12(b)(6) motion, the defendant's conduct as alleged in the complaint is scrutinized for objective legal reasonableness. *Myers v. Brewer*, 773 F. Appx. 1032, 1036 (10th Cir. 2019) (quoting *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014)).

"A defendant is entitled to qualified immunity unless the plaintiff can show '(1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of the defendant's conduct.'" *Marriot v. USD 204, Bonner Springs-Edwardsville*, 289 F. Supp. 3d 1235, 1241 (D. Kan. 2017) (quoting *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014)). A plaintiff

---

[7] These counts are also asserted against other individual Defendants, but the Court is only addressing the claims as specifically related to Wessel here. As noted above, count five, as it relates to Defendant Wessel, is also separately dismissed for the reasons discussed *supra* in section III.B.

must satisfy both parts of the inquiry to defeat a defendant's assertion of qualified immunity. *Knopf v. Williams*, 884 F.3d 939, 944 (10th Cir. 2018) (citation omitted). Judges are permitted to exercise their "sound discretion" in determining the order in which the two prongs of the analysis are addressed. *Pearson*, 555 U.S. at 236. The Court "may resolve a case on the second prong alone if the plaintiff fails to show a right was clearly established." *Cox v. Wilson*, 971 F.3d 1159, 1171 (10th Cir. 2020) (quoting *Gutierrez v. Cobos*, 841 F.3d 895, 900 (10th Cir. 2016)).

The Court will only address the second prong of the analysis because Plaintiff fails to sufficiently allege that a right was clearly established. A constitutional right is clearly established if it is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quotation marks and citation omitted). "A Supreme Court or Tenth Circuit decision on point or the weight of authority from other courts can clearly establish a right." *Halley v. Huckaby*, 902 F.3d 1136, 1144 (10th Cir. 2018) (citation omitted); *Cox*, 971 F.3d at 1171. "This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition." *Mullenix*, 577 U.S. at 12 (quotation marks and citation omitted).

Here, Wessel argues that Plaintiff fails to allege that Wessel violated B.B.'s constitutional rights and that Plaintiff fails to point to any case law or statute that would clearly establish that Wessel violated B.B.'s rights. Plaintiff only includes one allegation against Wessel in her Complaint which is that Wessel attended a public meeting in which the hostile environment at the school was discussed. (Doc. 1 at 4)

And although Plaintiff argues that Wessel was aware of the hostile environment due to his attendance at the public meeting where that environment was discussed, Plaintiff does not provide any case law or statute to support the proposition that a superintendent of a public school can violate a student's constitutional due process rights by failing to take action after hearing about a hostile environment at school, with no details of sexual assault in a public meeting.

Furthermore, Plaintiff fails to show every reasonable superintendent, let alone every reasonable official, would have understood that his alleged inaction violated B.B.'s rights. *Mullenix*, 577 U.S. at 11 ("A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right'" (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012))). Thus, Plaintiff does not meet her burden of demonstrating a clearly established constitutional right that Wessel violated, and Wessel is entitled to qualified immunity on both claims made against him. Therefore, counts three and five against Wessel are dismissed.[8]

**IT IS THEREFORE ORDERED** that Defendant Wessel's Motion to Dismiss and Defendants USD 341, Anderhart, and Foster's Partial Motion to Dismiss (Doc. 22) is **GRANTED**. Counts three and five against Wessel are dismissed, and Wessel is dismissed from the case entirely. Counts two and four

---

[8] Count five as it relates to Defendant Wessel is also separately dismissed for the reasons discussed *supra* in section III.B.

against USD 341 are dismissed. Count five against Anderhart and Foster is dismissed.

**IT IS SO ORDERED.**

Dated this 3rd day of November, 2026.

ANTHONY J. POWELL
UNITED STATES DISTRICT JUDGE